# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER: 8:04-cr-201-T-23MSS |
| vs. | USM NUMBER: 42044-018 |
| WILLIE J. GRANT<br>a/k/a "Billy Brown" | Defendant's Attorney: Timothy J. Fitzgerald, ret |

THE DEFENDANT:

X  pleaded guilty to counts ONE, FOUR, and FIVE of the Superseding Indictment.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841 (b)(1)(B)(iii), and 841(b)(1)(C) | Conspiracy to Distribute and Possession With Intent to Distribute 5 Grams or More of Cocaine Base and 500 Grams or More of Cocaine | May 28, 2004 | ONE |
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)B)(iii) and 841(b)(1)(C), and 18 U.S.C. § 2 | Distribution and Possession With Intent to Distribute 5 Grams or More of Cocaine Base and a Quantity of Cocaine | March 9, 2004 | FOUR |
| 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), and 2 | Possessing, Using, and Carrying Firearms During and in Relation to Drug Trafficking Crimes | March 9, 2004 | FIVE |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

X  Counts six, eight, nine, and ten of the superseding indictment, as well as the underlying indictment are dismissed in accordance with the plea agreement.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: November 18, 2005

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

DATE: November 22ND, 2005

Defendant: WILLIE J. GRANT  Judgment - Page 2 of 6
Case No.: 8:04-cr-201-T-23MSS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **TWO HUNDRED THIRTY-FIVE (235) MONTHS. The term consists of ONE HUNDRED FIFTY-ONE (151) MONTHS as to counts one and four of the Superseding Indictment and a consecutive term of EIGHTY-FOUR (84) MONTHS as to count five of the Superseding Indictment.**

_X_ The court makes the following recommendations to the Bureau of Prisons: that the defendant be placed in FCI Coleman, Florida or if unavailable, FCI Jesup, Georgia.

_X_ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

   ___ at ___ a.m./p.m. on ___.
   ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

   ___ before 2 p.m. on ___.
   ___ as notified by the United States Marshal.
   ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____
United States Marshal

By:_____
Deputy Marshal

| | | |
|---|---|---|
| Defendant: | WILLIE J. GRANT | Judgment - Page _3_ of _6_ |
| Case No.: | 8:04-cr-201-T-23MSS | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of SIXTY (60) MONTHS as to counts one, four, and five of the Superseding Indictment; all terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

__X__   The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year.

__X__   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3C - Supervised Release

| | | |
|---|---|---|
| Defendant: | WILLIE J. GRANT | Judgment - Page 4 of 6 |
| Case No.: | 8:04-cr-201-T-23MSS | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X   The defendant shall participate, as directed by the Probation Officer, in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency. This program may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services.

| | | |
|---|---|---|
| Defendant: WILLIE J. GRANT | | Judgment - Page 5 of 6 |
| Case No.: 8:04-cr-201-T-23MSS | | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $300.00 | $ waived | $ |

\_  The determination of restitution is deferred until \_\_\_\_. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

\_  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |
| Totals: | $ | $ | |

\_  Restitution amount ordered pursuant to plea agreement  $ _____.

\_  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

\_  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   \_  the interest requirement is waived for the \_\_\_ fine  \_\_\_ restitution.

   \_  the interest requirement for the \_\_\_ fine  \_\_\_ restitution is modified as follows:

---

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| | | |
|---|---|---|
| Defendant: | WILLIE J. GRANT | Judgment - Page _6_ of _6_ |
| Case No.: | 8:04-cr-201-T-23MSS | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.   _X_   Lump sum payment of $ _300.00_ due immediately, balance due

　　　　　___ not later than _____, or

　　　　　___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B.   ___   Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.   ___   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.   ___   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.   ___   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.   ___   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_   Joint and Several

　　Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

_   The defendant shall pay the cost of prosecution.

_   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture pursuant to the Preliminary Order of Forfeiture dated, July 6, 2005, document 107, *see attached.*

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br>     Plaintiff, : <br> v. : <br> WILLIE J. GRANT, : <br>     a/k/a "Billy Brown" : <br>     a/k/a "Bossman", : <br>     Defendant. : | Case No. 8:04-cr-201-T-23MSS |

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE comes before the court on Motion of the United States of America for Entry of a Preliminary Order of Forfeiture, which, at sentencing, shall be a final order of forfeiture as to the right, title, and interest of defendant Willie J. Grant in property subject to forfeiture. For good cause shown, the motion of the United States is GRANTED.

The Court, being fully advised in the premises, hereby finds that the government has established the requisite *nexus* between the funds totaling approximately $1,481.00 in U.S. currency seized on or about March 9, 2004 at 1232 20th Avenue South, St. Petersburg, FL; approximately $18,289.00 in U.S. Currency seized on or about May 28, 2004 at 1833 63rd Terrace South, St. Petersburg, FL; the 1999 BMW 323i, VIN: WBAAM3333XFP51856; the 1997 Chevrolet Tahoe, VIN: 1GNEK13R7VJ425580; the 2000 Ford Taurus, VIN: 1FAFP55S8YA244228; the 1991 Wellcraft 17' Boat, FL# FL3929GL, HIN: WELD55831091; the 2001 Performance Trailer, VIN: 40ZBP19131PP77268 and the illegal drug activity to which defendant Willie J. Grant

pled guilty in Counts One and Four of the Superseding Indictment. Accordingly, these items are subject to forfeiture pursuant to the provisions of 21 U.S.C. § 853.

In addition, the Court finds that the government has established the requisite *nexus* between the weapons identified below and the crime of using a weapon in furtherance of a drug crime, to which defendant Willie J. Grant pled guilty as charged in Count Five of the Superseding Indictment, and, therefore, the following weapons are subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1):

a. One Davis, .38 Caliber handgun, Model Derringer, serial number D086132 seized on or about March 9, 2004 at 1232 20th Avenue South, St. Petersburg, FL;

b. One Colt, .45 caliber pistol, Model 1911 A1, serial number 58075G70 seized on or about March 9, 2004 at 1232 20th Avenue South, St. Petersburg, FL;

c. One Hi Point, 9 mm pistol, Model C9mm, serial number P068373 seized on or about March 9, 2004 at 1232 20th Avenue South, St. Petersburg, FL;

e. a Glock, .40 caliber pistol, Model 35, serial number DBD233US seized on or about May 28, 2004 at 1833 63rd Terrace South, St. Petersburg, FL.;

f. a Keltec P-32 .32 caliber handgun, serial number 112170 seized on or about May 28, 2004 at 1833 63rd Terrace South, St. Petersburg, FL.; and

g. an I.A.G. Galesi, .25 caliber pistol, Model 8, serial number 163874 seized on or about May 28, 2004 at 1833 63rd Terrace South, St. Petersburg, FL.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that all right, title and interest of defendant Willie J. Grant in the property listed below are hereby condemned and forfeited to the United States of America for disposition according to law pursuant to the

2

provisions of 21 U.S.C. § 853 and 18 U.S.C. § 924(d)(1):

    a.      a Davis, .38 Caliber handgun, Model Derringer, serial number D086132 seized on or about March 9, 2004 at 1232 20th Avenue South, St. Petersburg, FL;

    b.      a Colt, .45 caliber pistol, Model 1911 A1, serial number 58075G70 seized on or about March 9, 2004 at 1232 20th Avenue South, St. Petersburg, FL;

    c.      a Hi Point, 9 mm pistol, Model C9mm, serial number P068373 seized on or about March 9, 2004 at 1232 20th Avenue South, St. Petersburg, FL;

    d.      approximately $1,481 in U.S. currency seized on or about March 9, 2004 at 1232 20th Avenue South, St. Petersburg, FL;

    e.      a Glock, .40 caliber pistol, Model 35, serial number DBD233US seized on or about May 28, 2004 at 1833 63rd Terrace South, St. Petersburg, FL.;

    f.      a Keltec P-32 .32 caliber handgun, serial number 112170 seized on or about May 28, 2004 at 1833 63rd Terrace South, St. Petersburg, FL.;

    g.      an I.A.G. Galesi, .25 caliber pistol, Model 8, serial number 163874 seized on or about May 28, 2004 at 1833 63rd Terrace South, St. Petersburg, FL.;

    h.      approximately $18,289 in U.S. Currency seized on or about May 28, 2004 at 1833 63rd Terrace South, St. Petersburg, FL;

    i.      a 1999 BMW 323I, VIN: WBAAM3333XFP51856;

    j.      a 1997 Chevrolet Tahoe, VIN: 1GNEK13R7VJ425580;

    k.      a 2000 Ford Taurus, VIN: 1FAFP55S8YA244228;

    l.      a 1991 Wellcraft 17' Boat, FL# FL3929GL, HIN: WELD55831091; and

    m.      a 2001 Performance Trailer, VIN: 40ZBP19131PP77268.

The Court shall retain jurisdiction to enter any orders necessary for the forfeiture and disposition of the subject listed above and to entertain any third party claims that

3

may be asserted in these proceedings.

DONE and ORDERED in Chambers in Tampa, Florida, this ___6th___ day of ___July___, 2005.

_____
UNITED STATES DISTRICT JUDGE

Copies to: Tonya L. Shotwell, SAUSA
Attorneys of Record

4